UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JEFFREY GENO and RHONDA GENO, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| WOLF STEEL U.S.A. INC, WOLF STEEL | § | |
| U.S.A. INC. d/b/a NAPOLEON, WOLF | § | |
| STEEL U.S.A. INC. d/b/a NAPOLEON | § | |
| FIREPLACES, WOLF STEEL | § | |
| ACQUISITION, LLC, WOLF STEEL | § | |
| ACQUISITION, LLC dba NAPOLEON, | § | |
| WOLF STEEL ACQUISITION, | § | |
| LLC dba NAPOLEON FIREPLACES, and | § | |
| BBQGuys, | § | |
| Defendants. | § | |

## COMPLAINT

COME NOW, before this Honorable Court, JEFFREY GENO and

RHONDA GENO, Plaintiffs herein, and in this Complaint respectfully assert the

following claims against the Defendants in this matter, WOLF STEEL U.S.A.

INC., WOLF STEEL, U.S.A. INC. d/b/a NAPOLEON, WOLF STEEL U.S.A.

INC. d/b/a NAPOLEON FIREPLACES, WOLF STEEL ACQUISITION, LLC,

WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON, WOLF STEEL

ACQUISITION, LLC d/b/a NAPOLEON FIREPLACES, (hereinafter referred to

as "Defendants Wolf Steel") and BBQGuys (hereinafter referred to as "Defendant

BBQGuys"), hereinafter collectively referred to as Defendants, and for cause of action would show this Honorable Court the following:

## I. INTRODUCTION

1.    This is a product liability lawsuit arising out of the use of a Napoleon barbeque grill sold to Plaintiff Geno by Defendant BBQ Guys and designed, manufactured and marketed by the Defendants Wolf Steel.

2.    On October 8, 2022, Plaintiff Geno was preparing to use the grill. He had turned the unit on, and the grill cooktop was operating properly. He heard a noise that sounded like a rattle from underneath the unit, which was encased by a wooden cabinet. He opened the cabinet door and saw and felt a wave of propane gas rising from the opening. It quickly ignited from the flames on the cooktop and a huge fire swept upward, engulfing the Napoleon barbeque grill, cooking station and Plaintiff Geno, and caused serious injuries and damage to Plaintiffs.

3.    The regulator failed allowing the propane to escape and injure the Plaintiff Geno.



## II.    JURISDICTION AND VENUE

4.    The matter in controversy exceeds the sum of $75,000, exclusive of costs and interest and there is complete diversity of citizenship between the Plaintiffs and the Defendants pursuant to 28 US Code § 1332.

5.     Plaintiffs' rights and remedies arise under the common and statutory laws of the State of Texas. The jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. § 1391(a)(2) & (3), as: all of the events giving rise to this controversy occurred within Galveston County, which lies within the jurisdictional limits of this Galveston Division of the Southern District of Texas; Defendants do substantial business within said county and division; all property at issue lies within said county and division; all contracts at issue herein were performed within said county and division; and all of the documents, and physical and other evidence, relevant to this matter were created and are preserved and maintained within said county and division.

## III.   PARTIES

6.    Plaintiffs, Jeffrey Geno and Rhonda Geno are resident citizens of Galveston County, Texas.

7.    Defendant, WOLF STEEL U.S.A. INC. is a foreign corporation doing business in the State of Texas and may be served with summons and a copy of this

Complaint by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas  75201, or wherever it may be found.

8.    Defendant, WOLF STEEL, U.S.A. INC. d/b/a NAPOLEON, is a foreign corporation doing business in the State of Texas and may be served with summons and a copy of this Complaint by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas  75201, or wherever it may be found.

9.    Defendant, WOLF STEEL U.S.A. INC. d/b/a NAPOLEON FIREPLACES is a foreign corporation doing business in the State of Texas and may be served with summons and a copy of this Complaint by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas  75201or wherever it may be found.

10.    Defendant WOLF STEEL ACQUISITION, LLC is a foreign corporation doing business in the State of Texas and may be served with summons and a copy of this Complaint by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas  75201, or wherever it may be found.

11.    WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON is a foreign corporation doing business in the State of Texas and may be served with summons and a copy of this Complaint by serving its registered agent: CT Corporation

System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever it may be found.

12. WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON FIREPLACES is a foreign corporation doing business in the State of Texas and may be served with summons and a copy of this Complaint by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever it may be found.

13. Defendant, BBQGuys is a foreign corporation doing business in the State of Texas and may be served with summons and a copy of this Complaint by serving its CEO Russ Wheeler, at 8151 Airline Hwy, Baton Rouge, Louisiana 70815, or wherever it may be found.

## V.

14. To the extent that Defendants WOLF STEEL U.S.A. INC., WOLF STEEL, U.S.A. INC. d/b/a NAPOLEON, WOLF STEEL U.S.A. INC. d/b/a NAPOLEON FIREPLACES, WOLF STEEL ACQUISITION, LLC, WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON, WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON FIREPLACES, and BBQGuys are conducting business, or intend to transact or conduct business within the State of Texas, pursuant to a trade name or assumed name not listed as a named party to this suit, then suit is brought

against that Defendants. Plaintiffs hereby demand that upon answer to this suit, each Defendant answer in its correct legal and assumed name.

## VI.   RELATIONSHIP BETWEEN THE PARTIES

15.    Plaintiffs purchased a Napoleon barbeque grill from Defendant BBQ Guys.

15.    The grill was designed, manufactured and marketed by Defendants Wolf Steel and sold by Defendant BBQGuys to the Plaintiffs.

16.    The Napoleon barbeque grill purchased by Plaintiffs failed to perform as intended, which resulted in serious injuries and damages to Plaintiffs.

17.    The Napoleon barbeque grill purchased by Plaintiffs was unreasonably dangerous by design and manufacturing resulting in serious injuries and damages to Plaintiffs.

## VI.   UNDERLYING FACTS

18.    It has become necessary to bring this suit because of the painful and permanent injuries sustained by Plaintiffs.

19.    On the occasion in question, while Plaintiff Jeffrey Geno was using the Napoleon Barbeque grill, it exploded and fire engulfed the Napoleon grill, the area where the grill was stationed, and Plaintiff Jeffrey Geno.

## VII. NEGLIGENCE

Defendants Wolf Steel:

20.    Plaintiff Jeffrey Geno purchased the Napoleon barbeque grill from Defendant BBQGuys. The grill was designed, manufactured and marketed by Defendants WOLF STEEL U.S.A. INC., WOLF STEEL, U.S.A. INC. d/b/a NAPOLEON, WOLF STEEL U.S.A. INC. d/b/a NAPOLEON FIREPLACES, WOLF STEEL ACQUISITION, LLC, WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON, and/or WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON FIREPLACES (hereinafter referred to as "Defendants Wolf Steel").

21.    The Napoleon barbeque grill was designed, manufactured and marketed by Defendants Wolf Steel and placed into the chain of commerce. The grill with the defective regulator was unreasonably dangerous in its design, manufacturer and marketing. The defective condition of the grill and regulator was a proximate and producing cause of the substantial injuries and damages sustained by Plaintiffs.

22.    In the addition, the Defendants Wolf Steel were aware that the Napoleon barbeque grill was equipped with components that, if not manufactured with the correct materials and designed to perform safely and as expected, would cause danger or harm to users or others in proximity to the Napoleon barbeque grill. Defendants Wolf Steel failed to warn of such risk and breached its continuing duty after the sale of the Napoleon barbeque grill to provide such

warnings to Plaintiffs, or to adequately inspect the Napoleon barbeque grill in question, and/or make the Napoleon barbeque grill safe for its intended use by Plaintiffs and others similarly situated prior to its sale. Defendants Wolf Steel and BBQGuys negligently placed the Napoleon barbeque grill into the chain of commerce a product that was unreasonably dangerous as designed, manufactured and marketed and under the Texas product liability law are strictly liable for the injuries and damages they proximately and/or producingly caused.

23.    Such failures were negligence and a proximate and/or producing cause of the substantial damages and injuries of the Plaintiffs.

24.    The Defendants Wolf Steel were negligent, including but limited to, the following:

    a. In its manufacturing of the Napoleon barbeque grill;
    b. In its design of the Napoleon barbeque grill; and
    c. In failing to warn of the dangerous condition.

25.    The negligence in question of Defendants Wolf Steel (WOLF STEEL U.S.A. INC., WOLF STEEL, U.S.A. INC. d/b/a NAPOLEON, WOLF STEEL U.S.A. INC. d/b/a NAPOLEON FIREPLACES, WOLF STEEL ACQUISITION, LLC, WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON, and WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON FIREPLACES) singularly, in

combination, or in the alternative was a proximate cause of Plaintiffs' injuries and damages.

26.    The negligence of Defendants Wolf Steel acting by and through its agents and employees was a proximate cause of the occurrence in question and the substantial damages and injuries sustained by Plaintiffs.

Defendant BBQGuys:

27.    In the alternative, as previously stated above, the Defendant BBQGuys sold the Napoleon barbeque grill in question to the Plaintiffs. Defendant BBQGuys was aware that the Napoleon barbeque grill was equipped with components that, if not manufactured and designed to perform safely and as expected, would cause danger or harm to users or others in proximity to the Napoleon barbeque grill. Defendant BBQGuys failed to warn of such risk and breached its continuing duty after the sale of the Napoleon barbeque grill to provide such warnings to Plaintiffs, or to adequately inspect the Napoleon barbeque grill in question, and/or make the Napoleon barbeque grill safe for its intended use by Plaintiffs and others similarly situated prior to its sale. Defendant BBQGuys negligently placed the Napoleon barbeque grill into the chain of commerce a product that was unreasonably dangerous as designed,

manufactured and marketed and under the Texas product liability law are strictly liable for the injuries and damages they proximately and/or producingly caused.

28.    The Defendant BBQGuys was negligent in placing into the chain of commerce a product that was defective and unreasonably dangerous.

29.    Such failures were negligence and a proximate and/or producing cause of the substantial damages and injuries of the Plaintiffs.

## VIII.    STRICT PRODUCT LIABILITY

30.    Plaintiffs incorporate the foregoing paragraphs herein.

31.    The Napoleon barbeque grill in question was manufactured and placed into the stream of commerce by the Defendants WOLF STEEL U.S.A. INC., WOLF STEEL, U.S.A. INC. d/b/a NAPOLEON, WOLF STEEL U.S.A. INC. d/b/a NAPOLEON FIREPLACES, WOLF STEEL ACQUISITION, LLC, WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON, and WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON FIREPLACES and BBBQ Guys.

32.    As designed, manufactured and marketed, the Napoleon barbeque grill in question was defective and unreasonably dangerous.

33.    There was no substantial change in the condition of the Napoleon barbeque grill from the time it left the hands of the Defendants WOLF STEEL U.S.A. INC., WOLF STEEL, U.S.A. INC. d/b/a NAPOLEON, WOLF STEEL U.S.A. INC. d/b/a NAPOLEON FIREPLACES, WOLF STEEL ACQUISITION, LLC, WOLF

STEEL ACQUISITION, LLC d/b/a NAPOLEON, and WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON FIREPLACES and BBQ Guys  until the time of the injuries to Plaintiffs.

34.    The Defendants WOLF STEEL U.S.A. INC., WOLF STEEL, U.S.A. INC. d/b/a NAPOLEON, WOLF STEEL U.S.A. INC. d/b/a NAPOLEON FIREPLACES, WOLF STEEL ACQUISITION, LLC, WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON, and WOLF STEEL ACQUISITION, LLC d/b/a NAPOLEON FIREPLACES, and BBQ Guys acting by and through their agents and employees are   strictly liable under the law of product liability for placing the Napoleon barbeque grill into the chain of commerce in the condition it was by design, manufacture and marketing which was a producing cause of the occurrence in question and the Plaintiffs' substantial injuries and damages.

35.    Each and all of the above and foregoing defects, separately or together, were a producing cause of the incident made the basis of this lawsuit, and the damages and injuries suffered by your Plaintiffs.

36.    Plaintiffs damages are within the jurisdiction of this court.

## IX. DAMAGES

JEFFREY GENO

37.    At the time of the incident made the basis of this suit, Plaintiff, Jeffrey Geno was 65 years of age, and as a direct and proximate or producing  result of

Defendant's negligence and strict liability your Plaintiff, Jeffrey Geno has sustained mental and physical pain and suffering, mental anguish, permanent physical impairment, disfigurement, loss of wage earning capacity, loss of household services and loss of capacity to perform household services, all of which are in reasonable probability permanent.

38.    From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, Jeffrey Geno for each element are as follows:

a.    The physical pain that Plaintiff, Jeffrey Geno has suffered from the date of the accident in question up to the time of trial.

b.    The mental anguish that your Plaintiff, Jeffrey Geno has suffered from the date of the accident in question up to the time of trial.

c.    The loss or reduction in Plaintiff, Jeffrey Geno earnings or earning capacity in the past caused by the injuries sustained in the accident in question, beyond the time of trial.

d.    The physical impairment suffered by Plaintiff Jeffrey Geno and the resulting inability to do those tasks and services that your Plaintiff, Jeffrey Geno ordinarily would have been able to perform, from the date of

the accident in question to the time of trial.

    e.    The disfigurement which Plaintiff Jeffrey Geno has suffered from the date of the accident in question up to the time of trial.

39.    From the time of trial of this case, the elements of damages to be considered which Plaintiff, Jeffrey Geno will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

    a.    The physical pain that Plaintiff, Jeffrey Geno will suffer in the future beyond the time of trial.

    b.    The mental anguish that your Plaintiff, Jeffrey Geno will suffer in the future beyond the time of trial.

    c.    The loss or reduction in Plaintiff, Jeffrey Geno earnings or earning capacity in the future caused by the injuries sustained in the accident in question, beyond the time of trial.

    d.    The permanent physical impairment that Plaintiff, Jeffrey Geno will continue to suffer in the future and the resulting inability to do those tasks and services that your Plaintiff, Jeffrey Geno ordinarily would have been able to perform in the future beyond the time of trial.

e. The disfigurement which Plaintiff Jeffrey Geno will suffer in the future beyond the time of trial.

40.    Because of all of the above and foregoing, Plaintiff, Jeffrey Geno has been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

## MEDICAL DAMAGES OF PLAINTIFF JEFFREY GENO

41.    Further, as a direct and proximate result of Defendants' negligence, it was necessary for your Plaintiff, Jeffrey Geno to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date.   Plaintiff Jeffrey Geno here now sues for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

## RHONDA GENO

42.    Plaintiff, Rhonda Geno, asserts her individual cause of action for loss of her husband, Jeffrey Geno's consortium and household services. Plaintiff, Rhonda Geno, would show the Court that consortium is the mutual right of a husband and

wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage. Plaintiff, Rhonda Geno, would further show the Court that household services is the performance of household and domestic duties by a spouse to the marriage. From the date of the incident in question until the time of trial, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, Rhonda Geno, for each element are as follows:

    a.  The damages suffered for the loss of household services that her spouse ordinarily would have been able to perform.

    b.  The loss of consortium that she has suffered from the date of the incident in question up to the time of trial.

43.    From the time of trial of this case, the elements of damages to be considered which Plaintiff, Rhonda Geno, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

    a.    The future damages for the loss of household services that her spouse ordinarily would have been able to perform.

b.    The loss of consortium that she will suffer in the future beyond the time of trial.

44.    Because of all of the above and foregoing, Plaintiff, Rhonda Geno, has been and will be damaged in an amount within the jurisdictional limits of the Court.

## X.    GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

45.    Plaintiffs re-allege and incorporate by reference each of the allegations set forth in all preceding paragraphs as if set forth fully and reiterated herein in their entirety, pursuant to Fed. R. Civ. P. 10(c).

46.    The negligence and strict liability of the Defendants as alleged herein constitutes not only ordinary negligence, but gross negligence. In this regard, the conduct of the Defendants in placing the barbeque grill into the chain of commerce and allowing it to be operated, knowing that Plaintiffs and those similarly situated would be operating the equipment/barbeque grill, made it unsafe for its intended use and such defect(s) and/or failure(s) created the dangerous condition and subsequent injuries and damages to Plaintiffs.

## XI.    PREJUDGMENT INTEREST

47.    In addition to the above and foregoing allegations, Plaintiffs further plead that they are entitled to prejudgment interest.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray that on final trial or hearing of each and all foregoing claims and causes of action, Plaintiffs have and recover of and from Defendants, jointly and severally, all relief and damages as pleaded above, including exemplary damages, expenses, taxable costs and such other relief to which Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

**THE LAW FIRM OF ALTON C. TODD**

By: _____ */s/ Alton C. Todd* _____
         Alton C. Todd, ***Attorney in Charge***
         Fed Bar No. 1309
         State Bar No. 20092000
         Seth Mitchell Park
         Federal Bar No.   1000709
         State Bar No. 24102325
         312 South Friendswood Drive
         Friendswood, Texas   77546
         (281) 992-8633
         (281) 648-8633 Facsimile
         alton@actlaw.com
         seth@actlaw.com

         ATTORNEYS FOR PLAINTIFFS